IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 06–cr–00484–REB
Civil Action No. 08–cv–02569–REB–KMT


UNITED STATES OF AMERICA,

      Plaintiff,

v.

THOMAS HINRICHS,

      Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on the "Motion to Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255" filed November 25, 2008.  (Doc. No. 83 [Mot.].)  The

United States of America filed its Response on January 16, 2009.  (Doc. No. 88 [Resp.].)  This

motion is ripe for review and recommendation.

## BACKGROUND

The following facts were summarized in the Government's Sentencing Statement.

> [A]fter Defendant's brother's suicide by an explosive device outside an
> Oklahoma State football game in October 2005, FBI agents contacted Defendant
> to ascertain his potential involvement.  The agents along with task force officers,
> all based in Colorado Springs, investigated Defendant for several months for
> possible domestic terrorism.  The agents then terminated the investigation,
> however, Task Force Officer William Burruel continued to meet Defendant
> monthly for welfare checks in the spring and summer of 2006.  On July 29, 2006,
> defendant left an angry voicemail on Detective Burruel's voicemail demanding an
> accounting for various perceived wrongs.  Det. Burruel met defendant several

times in August and September of 2006 to discuss defendant's anger against the Army, his school, his church and his frustration with his romantic life. Defendant sometimes initiated the meetings.

On October 12, 2006, defendant left Det. Burruel another angry voicemail threatening to bury him. He also called the FBI office and demanded a meeting. On October 16, 2006, FBI Special Agent Todd Blessing met with defendant and told him to stop leaving threatening voicemails. He also told defendant that he would not be receiving an apology from the Army. On or about November 15, 2006, Colorado Springs police officers contacted defendant after receiving a complaint from defendant's father. Defendant's father had become fearful of defendant's escalating anger and had gone to the police. The police officers searched defendant's car and found a semiautomatic [ ] AK-47 type assault rifle, 80 rounds of ammunition for that rifle, a bullet proof vest, 3 rifle magazines, several knives, a helmet and gloves. Concerned about these items which seemed to indicate defendant intended to lie out and kill someone, Officer Nancy Palmer spoke to defendant. During the course of the interview defendant yelled several threats against FBI SA Todd Blessing. He told Officer Palmer that he had the gun because of Todd and that he wanted Todd to be held responsible.

On November 16, 2006, FBI SA Jon Cronan interviewed defendant. Defendant confirmed his earlier threats against SA Blessing and then made more. He told SA Cronan that he began carrying the assault rifle after his interview with Todd and that he bought the ammunition two days after the interview. He stated that he held Todd responsible for violating his rights. He stated he contemplated killing Todd and that he daydreamed about waiting outside the FBI office in Colorado Springs and shooting Todd when he came to work. He also said the only way to remedy the wrongs that had been done to him would be to hang Todd from a tree until he died.

Both Officer Palmer and SA Cronan testified they were scared and concerned upon hearing defendant's threats. After speaking with defendant on November 15, 2006 Officer Palmer immediately contacted the FBI. Immediately after speaking with defendant, SA Cronan notified his supervisors and Todd Blessing about defendant's threats. The FBI changed their security protocol and training in light of defendant's threats.

SA Blessing testified that he was an FBI agent throughout the time period relevant to defendant's offense.

(Doc. No. 61 at 2–3.)

On December 4, 2006, Defendant was charged with two counts of threatening a federal

agent, in violation of 18 U.S.C. § 115(a)(1)(B). (Doc. No. 3.) On June 1, 2007, District Judge

Robert E. Blackburn dismissed the second count on the Government's motion.  (Doc. Nos. 30

and 31.)  On June 27, 2007, a jury found Defendant guilty of the offense charged in Count I of

the Indictment.  (Doc. 53.)  On October 5, 2007, Defendant was sentenced to 37 months'

imprisonment, followed by three years of supervised release.  (Doc. 68 at 2–3.)

On October 11, 2007, Defendant filed a Notice of Appeal.  (Doc. No. 69.)  On February

12, 2008, the Tenth Circuit Court of Appeals entered a Order and Mandate dismissing

Defendant's appeal, pursuant to Defendant's motion for voluntary dismissal.  (Doc. No. 82-1.)

On November 25, 2008, Defendant, proceeding *pro se*, filed his Motion pursuant to §

2255.  Defendant was released from federal custody on July 23, 2009.  (*See*

http://bop.gov/iloc2.LocateInmate.jsp.)

## LEGAL STANDARDS

### A.    Pro Se *Defendant*

Defendant is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a Defendant can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a Defendant has not alleged.  *Associated Gen.*

*Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also*

*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply

additional factual allegations to round out a Defendant's complaint"); *Drake v. City of Fort*

*Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or

theories for the Defendant in the absence of any discussion of those issues"). The Defendant's

*pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296

F.3d 952, 957 (10th Cir. 2002).

**B.     Title 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that the judgment

was rendered without jurisdiction, or that the sentence imposed was not authorized by law or

otherwise open to collateral attack, or that there has been such a denial or infringement of the

constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28

U.S.C. § 2255(a). To warrant relief under § 2255, the errors of which the defendant complains

must amount to a fundamental miscarriage of justice. *Davis v. U.S.*, 417 U.S. 333, 346 (1974);

*Hill v. U.S.*, 368 U.S. 424, 428 (1962). The court must hold an evidentiary hearing on a section

2255 motion '[u]nless the motion and files and records of the case conclusively show that the

prisoner is entitled to no relief.'" *United States v. Galloway,* 56 F.3d 1239, 1240 n. 1 (10th Cir.

1995) (quoting 28 U.S.C. § 2255(b)). A court need not grant an evidentiary hearing where the

factual allegations are contradicted by the record, inherently incredible, or when they are

conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th

Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); see also *United*

*States v. Sanchez*, 105 F.3d 670, 1997 WL 8842, \*3 (10th Cir .1997) (table opinion)

("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing,

were insufficient to require an evidentiary.").

## ONE-YEAR LIMITATION PERIOD FOR FILING MOTION TO VACATE

Respondent does not challenge the timeliness of the Motion under the one-year limitation

period set forth in 28 U.S.C. § 2255(f).

## PROCEDURAL BAR

In his Motion, Defendant argues that he is entitled to relief under§ 2255 because he was

psychologically abused and "tortured and terrorized" by members of the FBI task force and the

Colorado Springs Police Department from October 2005 to November 2006, and that this abuse

caused him to forget "key facts" which deprived him of a fair trial.  (Mot. at 5–6.)

The Government responds that, as Defendant did not raise this issue during the pendency

of his criminal case or on direct appeal, Defendant has procedurally defaulted and is barred from

raising this issue collaterally in a post conviction proceeding.  (Resp. at 4–6.)

A § 2255 motion is not intended as a substitute for an appeal.  *See United States v. Frady*,

456 U.S. 152, 164–65 (1982).  Consequently, "failure to raise an issue either at trial or on direct

appeal imposes a procedural bar to habeas review."  *United States v. Barajas-Diaz*, 313 F.3d

1242, 1245 (10th Cir. 2002); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).  There

are, however, two well recognized exceptions under which a defendant may escape application

of the procedural bar against consideration of defaulted claims.  First, if defendant can show both

good cause for failing to raise the issue earlier, and that the court's failure to consider the claim

would result in actual prejudice to his defense, the procedural bar will not be applied. *See Frady*, 456 U.S. at 167.  Alternatively, because a writ of habeas corpus is "at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), if a defendant can demonstrate that "failure to consider the federal claims will result in a fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (internal quotation marks and citations omitted), the court may reach the merits of the claimed constitutional deficiencies despite the procedural bar.

Both the Supreme Court and the Tench Circuit Court of Appeals have recognized that the incarceration of one actually innocent of the crime of which he has been convicted constitutes a grave miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 322 (1995).  It is equally well-established that if a defendant can adduce new evidence in post-conviction proceedings showing that "constitutional error 'probably' resulted in the conviction of one who was actually innocent," *Schlup*, 513 U.S. at 322; *see also United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002), the court may reach the merits of otherwise defaulted claims.  In order to meet this standard, however, "[t]he petitioner [is] required to establish, by a fair probability, that the trier of facts would have entertained a reasonable doubt of his guilt." *Schlup*, 513 U.S. at 322 (internal quotations and citations omitted).

Here, Defendant, assisted by counsel, voluntarily dismissed his appeal, and thus his claims are procedurally barred. *Barajas-Diaz*, 313 F.3d at 1245.  Defendant did not file a traverse, and in his § 2255 Motion, he has not shown cause excusing the procedural default of his claim, or that the court's failure to consider the claim would result in actual prejudice to his defense. *See Frady*, 456 U.S. at 167.  In fact, Defendant provides no explanation whatsoever.

Defendant also has not demonstrated that the court's failure to consider his claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Finally, Defendant has not claimed that he is actually innocent of the crime of which he has been convicted. *See Schlup*, 513 U.S. at 322. Accordingly, Defendant's challenges which could have been but were not raised on direct appeal are procedurally barred, and Defendant is not entitled to relief pursuant to 28 U.S.C. § 2255. As the motion, files and records of this case conclusively show that Defendant is entitled to no relief, *see Galloway,* 56 F.3d at 1240 n.1, the court finds Defendant is not entitled to an evidentiary hearing.

WHEREFORE, for the foregoing reasons, it is

RECOMMENDED that Defendant's "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" (Doc. No. 83) be DENIED.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 2nd day of November, 2010.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge